IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE AJAKA,<br>Achrafieh, Chahrouri Street<br>Khederian Building, 6th Floor<br>Beirut, Lebanon<br><br>ANNI BEURKLIAN, a/k/a ANNI AJAKA,<br>Achrafieh, Chahrouri Street<br>Khederian Building, 6th Floor<br>Beirut, Lebanon<br><br><br>    Plaintiff,<br><br>v.<br><br>ANDREA M. GACKI, in her official capacity as<br>Director, Office of Foreign Assets Control of the<br>Department of the Treasury<br>1500 Pennsylvania Ave., N.W.<br>(Freedman Bank Building)<br>Washington, DC 20220; and<br><br>THE OFFICE OF FOREIGN ASSETS<br>CONTROL OF THE UNITED STATES<br>DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Ave., N.W.<br>(Freedman Bank Building)<br>Washington, DC 20220,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CL _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiffs Antoine Ajaka and Anni Beurklian, a/k/a Anni Ajaka for their Complaint against

Defendants, Andrea M. Gacki, in her official capacity as Director of the Office of Foreign Assets

Control ("OFAC"), and OFAC, part of the United States Department of the Treasury (herein,

"Defendants"), allege as follows.

## NATURE OF THE ACTION

1.      On July 25, 2018, Defendants designated five entities and eight individuals pursuant to Executive Order ("E.O") 13382 of June 28, 2005, "Blocking Property of Weapons of Mass Destruction Proliferators and their Supporters".   Plaintiffs are among the named persons. They seek access to the administrative record underlying the designations to permit a meaningful exercise of their constitutional and statutory due process rights of review, reconsideration, and delisting.  As detailed below, Defendants have wrongfully denied Plaintiffs adequate access to the record or to the details underlying their designations, and they deny the factual substance of the designation.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  This action arises under the United States Constitution and the Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq*.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants reside or are found in this judicial district, and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

4.      Plaintiff, Antoine Ajaka, ("Ajaka") is a citizen of Lebanon and a permanent resident of the United States by green card.  Ajaka had financial assets in the United States when he was designated on July 25, 2018.  The assets are currently blocked.

5.      Plaintiff, Anni Beurklian, ("Beurklian") is Ajaka's wife.  She is a citizen of both Lebanon and the United States and had financial assets in the United States when she was designated on or about June 25, 2018.  The assets are currently blocked.

6.      Defendant, Andrea M. Gacki, is the Director of OFAC.  She is sued in her official

capacity as Acting Director and signatory of the July 25, 2018 designation order, which was published in the Federal Register, thereafter.

7.      Defendant, OFAC, is an agency of the U.S. Treasury Department that administers and enforces economic and trade sanctions under authority granted by EO 13382, Blocking Property of Weapons of Mass Destruction Proliferators and their Supporters, 31 C.F.R. Part 544, *et seq.*  OFAC issued the July 25, 2018 designation order.

## FACTS COMMON TO ALL COUNTS

8.      A Press Release accompanied the July 25, 2018, designations issued by Defendants. See copy attached as Exhibit 1 and incorporated herein by reference.  It asserted that Plaintiffs, Ajaka and Beurklian were "providing or attempting to provide, financial, material, technological, or other support for, or goods or services in support of Amir Katrangi" ("Katrangi").  Katrangi was designated at the same time for being a key component of "a vast network procuring electronics on behalf of Syria's Scientific Studies and Research Center (SSRC)", the agency responsible for the development of Syria's chemical weapons.

9.      The aforesaid Press Release further asserted that Ajaka and Beurklian provided procurement services to Katrangi for Lebanon and Syria; that Ajaka and Beurklian fled the United States in early 2018; that Lebanon based Top Technologies SARL (a Lebanese company) was designated for being owned or controlled by Ajaka; and, that Top Technologies SARL specializes in the import, export and sale of network and electronic components.

10.     The aforesaid Press Release further stated that on March 21, 2018, a Federal Grand Jury for the U.S. District for the District of Massachusetts indicted Ajaka and Beurklian seizing their Massachusetts home, charging them with conspiracy to commit export violations, conspiracy

to defraud the United States, illegal provision of services to Syria, smuggling, conspiracy to obstruct justice, and mail fraud.

11. The United States Department of Treasury was not the only U.S. agency to speak outside of the administrative record. The Special Agent in charge of the FBI Boston Division stated, "these Defendants were key players in a sophisticated scheme to illegally export electronics, computer equipment, and electrical switches to enhance Syria's capacity to produce weapons of mass destruction."

12. Nothing in the Defendants' aforesaid Press Release or the statement from the Special Agent in charge for the FBI Boston Division described the time, place, manner or source of the allegations that Plaintiffs engaged in sanctionable conduct; or provided, attempted to provide, financial material, technological or other support for or goods of services in support of Amir Katrangi.

13. Plaintiffs deny all Press Release allegations.

14. After securing appropriate licenses to retain counsel as required under U.S. law, Plaintiffs promptly filed a request for reconsideration of their designations pursuant to 31 C.F.R. §501.807 by letters dated January 15, 2019 (Exhibit 2A) January 29, 2019 (Exhibit 2B), February 26, 2019 (Exhibit 2C), all of which are collectively attached hereto and incorporated herein by reference as if fully set forth. The request sought delisting, expedited treatment, a meeting to discuss the designations, and access to the administrative record.

15. When the Defendants failed to respond to Plaintiffs' Exhibits 2A, 2B, and 2C, Plaintiffs' sent a final request to the Defendants before litigation on March 27, 2019 (Exhibit 3) attached hereto and incorporated herein by reference.

16.     Again, Defendants collective requests sought delisting, expedited treatment in light of the designations, a meeting to discuss the designations, and access to the administrative records. The requests also invited Defendants to submit questionnaires – standard agency practice and procedure – and pledged further evidentiary submissions that would be responsive to issues or evidence reflected in Defendants' administrative record after it was provided.  Defendants have not responded to any of the Plaintiffs' requests.

17.     Moreover, Defendants have never provided to Plaintiffs the administrative record in any form of production, have not provided any evidentiary memoranda, and have not provided any response to Plaintiffs' numerous attempts to obtain information as aforesaid.

18.     As a result, nothing is disclosed regarding the allegations in Defendants' July 25, 2018, Press Release, or of Plaintiffs' providing or attempting to provide financial, material, technological or other support for, or goods and services in support of Amir Katrangi.

19.     In short, what Plaintiffs have received as the basis for their designations is only the Press Release which Defendants submit mocks any concept of due process and fair notice and precludes a meaningful right to administrative consideration and delisting.

20.     By continuing to ignore the Plaintiffs, the Defendants have not provided Plaintiffs with adequate notice for the grounds of their designations.  Defendants have not even provided a narrative summary or redacted record that would provide Plaintiffs adequate notice of the grounds of their designations while still preserving any legitimate law enforcement concerns.

**COUNT I**
**VIOLATION OF PROCEDURAL DUE PROCESS**

21.     Paragraphs 1 through 20, *supra,* are incorporated and re-alleged as if fully set forth herein.

22.     Plaintiffs have the right to petition Defendants for reconsideration of their designation pursuant to 31 C.F.R. §501.807.

23.     Plaintiffs have a due process right to adequate post-designation notice under the Fifth Amendment of the United States Constitution.  Adequate post-designation notice requires Defendants to provide Plaintiffs with the basis for their designations by providing meaningful access to the administrative record.

24.     The utter failure of the Defendants to provide anything to the Plaintiffs is not only legally deficient but fails to provide Plaintiffs adequate and fair notice of the facts or the basis of their designations.

25.     The Defendants' refusal to provide such access as aforesaid violates Plaintiffs' due process rights under the United States Constitution.

**COUNT II**
**VIOLAITON OF THE ADMINISTRATIVE PROCEDURE ACT ("APA")**

26.     Paragraph 1 through 25, *supra*, are incorporated and realleged as if fully set forth herein.

27.     Plaintiffs have the right to petition the Defendants for reconsideration of their designations pursuant to 31 C.F.R. §§ 598.314 & 501.807.

28.     That reconsideration right is meaningless without adequate post-designation notice. Adequate post-designation notice requires Defendants to provide Plaintiffs the basis for their designations by providing meaningful access to the administrative record.

29.     The failure to produce anything to Defendants and ignoring Plaintiffs' numerous requests is legally deficient and fails to provide Plaintiffs with facts or reasons underlying their designation.

30.     Defendants' refusal to provide sufficient notice permits Plaintiff to exercise their right to reconsideration, review and delisting violates Plaintiffs' rights under the APA, 5 U.S.C. § 701 *et seq.*

## PRAYER FOR RELIEF REQUESTED

For the foregoing reasons, Plaintiffs respectfully request that this Court:

a.     Order that the Defendants provide the entire administrative record to the Plaintiffs, declare that the Defendants have violated Plaintiffs due process and statutory rights to adequate post-designation notice and meaningful opportunity to administratively challenge their designations by virtue of the Defendants' failure to provide the administrative record to Plaintiffs, or if no compliance by Defendants, order that the Defendants delist the Plaintiffs; and/or

b.     Order Defendants to provide unredacted copies of their administrative record, and/or any other solution chosen by the Court or agreed to by the parties which provides Plaintiffs with adequate post-designation notice, or if no compliance by Defendants, order that the Defendants delist the Plaintiffs; and/or

c.     All other relief as the Court deems proper.

Respectfully submitted,
ALLRED, BACON, HALFHILL & YOUNG, PC


*/s/  James T. Bacon*
James T. Bacon, Esq. (DC BAR 416209)
11350 Random Hills Road
Suite 700
Fairfax, VA 22030
703-352-1300
703-352-1301 (Fax)
jbacon@abhylaw.com

*Counsel for Antoine Ajaka and*
*Anni Beurklian, a/k/a Anni Ajaka*