IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINE AJAKA, et al.                )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )      CL 1:19-cv-1542-CJN
                                     )
ANDREA M. GACKI, et al.              )
                                     )
        Defendants.                  )

## SECOND AMENDED COMPLAINT

Plaintiffs Antoine Ajaka and Anni Beurklian, a/k/a Anni Ajaka for their Second Amended Complaint against Defendants, Andrea M. Gacki, in her official capacity as Director of the Office of Foreign Assets Control ("OFAC"), and OFAC, part of the United States Department of the Treasury (herein, "Defendants"), allege as follows.

### NATURE OF THE ACTION

1.      On July 25, 2018, Defendants designated five entities and eight individuals as Specially Designated Nationals (SDNs) pursuant to Executive Order ("E.O") 13382 of June 28, 2005, "Blocking Property of Weapons of Mass Destruction Proliferators and their Supporters". Plaintiffs are among the named persons.  They seek to be de-listed.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  This action arises under the United States Constitution and the Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq.*

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants reside or are found in this judicial district, and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

4.      Plaintiff, Antoine Ajaka, ("Ajaka") is a citizen of Lebanon and a permanent resident of the United States by green card.  Ajaka had financial assets in the United States when he was designated on July 25, 2018.  The assets are currently blocked.

5.      Plaintiff, Anni Beurklian, ("Beurklian") is Ajaka's wife.  She is a citizen of both Lebanon and the United States and had financial assets in the United States when she was designated on or about June 25, 2018.  The assets are currently blocked.

6.      Defendant, Andrea M. Gacki, is the Director of OFAC.  She is sued in her official capacity as Acting Director and signatory of the July 25, 2018 designation order, which was published in the Federal Register, thereafter.

7.      Defendant, OFAC, is an agency of the U.S. Treasury Department that administers and enforces economic and trade sanctions under authority granted by EO 13382, Blocking Property of Weapons of Mass Destruction Proliferators and their Supporters, 31 C.F.R. Part 544, *et seq.*  OFAC issued the July 25, 2018 designation order.

### FACTS COMMON TO ALL COUNTS

8.      A Press Release accompanied the July 25, 2018, designations issued by Defendants.  See copy attached as Exhibit 1 and incorporated herein by reference.  It asserted that Plaintiffs, Ajaka and Beurklian were "providing or attempting to provide, financial, material, technological, or other support for, or goods or services in support of Amir Katrangi" ("Katrangi").  Katrangi was designated at the same time for being a key component of "a vast network procuring electronics on behalf of Syria's Scientific Studies and Research Center (SSRC)", the agency responsible for the development of Syria's chemical weapons.

9.      The aforesaid Press Release further asserted that Ajaka and Beurklian provided procurement services to Katrangi for Lebanon and Syria; that Ajaka and Beurklian fled the United

States in early 2018; that Lebanon based Top Technologies SARL (a Lebanese company) was designated for being owned or controlled by Ajaka; and, that Top Technologies SARL specializes in the import, export and sale of network and electronic components.

10.     The aforesaid Press Release further stated that on March 21, 2018, a Federal Grand Jury for the U.S. District for the District of Massachusetts indicted Ajaka and Beurklian seizing their Massachusetts home, charging them with conspiracy to commit export violations, conspiracy to defraud the United States, illegal provision of services to Syria, smuggling, conspiracy to obstruct justice, and mail fraud.

11.     The United States Department of Treasury was not the only U.S. agency to speak outside of the administrative record.  The Special Agent in charge of the FBI Boston Division stated, "these Defendants were key players in a sophisticated scheme to illegally export electronics, computer equipment, and electrical switches to enhance Syria's capacity to produce weapons of mass destruction."

12.     Nothing in the Defendants' aforesaid Press Release or the statement from the Special Agent in charge for the FBI Boston Division described the time, place, manner or source of the allegations that Plaintiffs engaged in sanctionable conduct; or provided, attempted to provide, financial material, technological or other support for or goods of services in support of Amir Katrangi.

13.     Plaintiffs deny all Press Release allegations.

14.     After securing appropriate licenses to retain counsel as required under U.S. law, Plaintiffs promptly filed a request for reconsideration of their designations pursuant to 31 C.F.R. §501.807 by letters dated January 15, 2019 (Exhibit 2A) January 29, 2019 (Exhibit 2B), February 26, 2019 (Exhibit 2C), all of which are collectively attached hereto and incorporated herein by

reference as if fully set forth.  The request sought delisting, expedited treatment, a meeting to discuss the designations, and access to the administrative record.

15.     When the Defendants failed to respond to Plaintiffs' Exhibits 2A, 2B, and 2C, Plaintiffs' sent a final request to the Defendants before litigation on March 27, 2019 (Exhibit 3) attached hereto and incorporated herein by reference.

16.     Again, Defendants collective requests sought delisting, expedited treatment in light of the designations, a meeting to discuss the designations, and access to the administrative records. The requests also invited Defendants to submit questionnaires – standard agency practice and procedure – and pledged further evidentiary submissions that would be responsive to issues or evidence reflected in Defendants' administrative record after it was provided.

17.     After filing this suit, on September 24, 2019, Defendants finally produced the administrative record for the designation.

18.     The administrative record consisted of a scant 81 pages, consisting of the designation, the publication in the federal register, a partially redacted summary, a number of letters from U.S. Immigrations and Customs Enforcement about emails sent by the plaintiffs (but none of the underlying emails), another copy of the Press Release, and a copy of the indictment referenced in the Press Release (which accounts for 30 of the 81 pages).

19.     Defendants sent a denial of the request for reconsideration on January 10, 2020 (attached as Exhibit 3)

## COUNT I
## VIOLATION OF PROCEDURAL DUE PROCESS

20.     Paragraphs 1 through 19, *supra,* are incorporated and re-alleged as if fully set forth herein.

21.     Plaintiffs have the right to petition Defendants for reconsideration of their designation pursuant to 31 C.F.R. §501.807.

22.     Plaintiffs have a due process right to adequate post-designation notice under the Fifth Amendment of the United States Constitution.  As part of that due process right, the government is required to promptly produce the administrative record upon request.

23.     Defendants' failure to provide the administrative record until eight months after it was requested violated Plaintiffs' due process rights.

24.     In addition, Defendants did not send questionnaires, and they did respond to Plaintiffs' request for reconsideration until January 10, 2020, nearly a year after reconsideration was first requested

25.     The Defendants' failures to promptly provide the administrative record or to timely to Plaintiff's requests for reconsideration violate Plaintiffs' due process rights under the United States Constitution.

## COUNT II
## VIOLAITON OF THE ADMINISTRATIVE PROCEDURE ACT ("APA")

26.     Paragraph 1 through 25, *supra*, are incorporated and realleged as if fully set forth herein.

27.     The APA requires that the Defendants' decision to designate Plaintiffs as SDNs must be made based on substantial evidence.

28.     Based on the administrative record, it appears that the designation was made based on an indictment, a press article about the indictment, and letters about emails that were sent.  The actual emails themselves were not part of the administrative record.

29.     The scant evidence contained in the administrative record relied on by the Defendants is not substantial.

30.     Since the designation was not based on substantial evidence, the designation by the

Defendants that the Plaintiffs are SDNs was arbitrary and capricious in violation of the APA.

### PRAYER FOR RELIEF REQUESTED

For the foregoing reasons, Plaintiffs respectfully request that this Court order that the

Plaintiffs be removed from the SDN list and grant such further relief as the Court deems proper.

Respectfully submitted,
**ALLRED, BACON, HALFHILL & YOUNG, PC**

James T. Bacon, Esq. (DC Bar No. 416209)
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
703-352-1300 (Telephone)
703-352-1301 (Facsimile)
jbacon@abhylaw.com
*Counsel for Antoine Ajaka and*
*Anni Beurklian, a/k/a Anni Ajaka*

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2020, a true copy of the foregoing was

served via the Court's CM/ECF system on:

Nicholas Cartier
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005

James T. Bacon